UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KENT CRAWFORD, Plaintiff, | ) | |
| v. | ) | C.A. No. 05-40023-RGS |
| DAVID WINN, Defendant. | ) | |

MEMORANDUM AND ORDER

For the reasons stated below (1) plaintiff's Motion to Proceed *in forma pauperis* is denied without prejudice; (2) if plaintiff wishes to proceed with this action , he shall file his certified prison balance statement within forty-two (42) days of this Order, and he is directed to also demonstrate good cause why this action should not be dismissed for the reasons stated below; or alternatively shall file an Amended Complaint addressing the deficiencies noted herein, and a Step-By-Step guide shall be sent to plaintiff with this Order; (3) this action shall be construed as a Bivens[1] civil rights action and not a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, and the clerk shall correct the docket accordingly; (4) a courtesy copy of this Memorandum and Order shall be sent to legal counsel at FMC Devens.

BACKGROUND

On January 25, 2005, plaintiff Kent Crawford, an inmate at Federal Medical Center, Devens, MA (FMC Devens), filed a one page handwritten letter claiming that he is prevented from filing

[1] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)(establishing cause of action enabling plaintiff to seek judicial relief against federal officers who allegedly violated his Fourth Amendment rights).

administrative requests or seeking administrative remedies. Specifically, Crawford contends his new counselor refused to file his “BP9" prison requests, nor would he provide to Plaintiff the address of the Regional Director and General Counsel. He also claims the “administration” would not provide this information, would not refund the stamps he bought in order to administratively file, and that he was advised that he could not file on the issues he raised. He further indicates that the law library did not have the necessary addresses for him to file for an administrative remedy, and that he was provided this Court’s address by a co-inmate.

He asserts his “BP91" stated: “How much does it cost to transport a deceased inmates body to his hometown, or from Massachusetts to Georgia?” His “BP92" requests to see a chiropractor for cervical spine mis-alignments, and a dermatologist for a steroid rash.

Accompanying his one page letter, Plaintiff filed an Application to Proceed Without Prepayment of Fees, indicating that he in unemployed, has no assets or income apart from occasional family support. The Application did not include a certified copy of his prison account statement, as required under 28 U.S.C. §1915(b), however, Plaintiff indicates that he is unable to get this information from the prison. Plaintiff does not state the type of relief he seeks.

DISCUSSION

I.. This action shall be construed as a Bivens civil rights action.

As a threshold matter, the Clerk’s Office deemed Crawford’s letter to be a petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241, and opened this action on the Court docket as such. A petition for writ of habeas corpus under §2241 generally challenges the manner, location, or conditions of a sentence’s execution. Gonzalez v. United States, 150 F. Supp. 2d 236, 240 (D. Mass. 2001);

accord, United States v. Barrett, 178 F.3d 34, 50 n. 10 (1st Cir. 1999), cert denied, 528 U.S. 1176 (2000) (§2241 challenges execution of sentence); Thompson v. United States, 536 F.2d 459, 460 (1st Cir. 1976)(same); Calvache v. Benov, 183 F. Supp. 2d 124, 126 (D. Mass. 2001). However, Crawford does not seek to challenge the constitutionality of his detention, nor does he challenge the duration, location, or execution of his sentence.

By contrast, a civil rights action attacks the "conditions" of the prisoner's confinement. McIntosh v. United States Parole Comm'n, 115 F.3d 809, 811-12 (10th Cir. 1997). Since Crawford's claims regarding lack of access to administrative procedures, and lack of medical attention are more properly characterized as relating to the "conditions" of his confinement, this action is more in the nature of a civil rights action under 42 U.S.C. §1983[2]. Accordingly, this Court will construe this case to be a civil rights action as opposed to a habeas petition, and the clerk shall correct the docket accordingly.

II. Plaintiff Must Either Pay the Filing Fee or Submit a Certified Prison Account Statement

In light of the above discussion construing this action as a civil action and not a habeas petition, the applicable filing fee applicable is altered. A habeas petition carries a $5.00 filing fee, whereas a civil action carries a $150.00 filing fee[3]. Thus, a prisoner filing a civil action in this Court must either (1) pay the $150.00 filing fee for such actions or (2) file an application to proceed *in forma pauperis* with

---

[2]Plaintiff's BP9 asking for information about the cost to transport a deceased inmate raises no state or federal claims in an of itself, however, it can support his claim for denial of access to administrative procedures.

[3]The filing fee for civil actions will increase to $250.00 as of February 7, 2005.

a certified prison account statement. See 28 U.S.C. §1914 ($150.00 filing fee); §1915 (proceedings *in forma pauperis*).

Although prisoner litigants may file applications for fee waiver, under §1915, they are only excused from having to pay the entire filing fee up-front and the Court must assess an initial partial filing fee. Id. §1915(b)(1).[4] The Court cannot assess an initial partial filing fee without plaintiff's certified prison account statement. Thus, Crawford's Affidavit of indigency is deficient, however, he shall be given an additional forty-two (42) days to file a certified prison account statement. If Crawford is unable to obtain such statement because of alleged non-cooperation with the prison, he shall advise this Court of the specific attempts he made to obtain such information, including the dates of such attempts, and the names and titles of each prison employee from whom he sought to retrieve such information. To the extent that FMC Devens requires a Court Order before providing Crawford his prison account statement, this Memorandum and Order shall serve as such a Court Order.

Additionally, if Crawford submits the filing fee in its entirety, or files a certified prison account statement, he is also directed to demonstrate good cause, within forty-two (42) days of this Order, why this action should not be dismissed. Alternatively, Crawford may file an Amended Complaint addressing the deficiencies raised in this Memorandum and Order. If Crawford fails to submit a his prison account statement or fails to pay the filing fee, or fails to show cause pursuant to this Order, or fails to file an Amended Complaint, this action shall be dismissed without prejudice.

[4]After the assessment of an initial partial filing fee, prisoner litigants are obligated to make monthly payments equaling 20% of the preceding month's income each time the account exceeds $10 until the statutory filing fee is paid in full. 28 U.S.C. §1915(b)(2).

III. Plaintiff's Complaint is Subject to Screening

Because Crawford is a prisoner, he also is advised that he is subject to the provisions of the Prison Litigation Reform Act. The Prison Litigation Reform Act of 1995 ("PLRA"), Title VIII of Pub.L. 104-134, 110 Stat. 1321-1375 (1996), enacted several provisions which grant this Court the authority to screen and dismiss prisoner complaints. See 28 U.S.C. §1915 (proceedings *in forma pauperis*); 28 U.S.C. §1915A (screening of suits against governmental officers and entities).

Section 1915 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §1915(e)(2). *In forma pauperis* complaints may be dismissed *sua sponte* and without notice under §1915 if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless. Id.; Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

Section 1915A authorizes the Court to review prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity and to dismiss the action regardless of whether or not the plaintiff has paid the filing fee, if it lacks an arguable basis in law or fact, fails to state a claim, or seeks relief from a defendant immune from such relief. 28 U.S.C. §1915A.

Even construing Crawford's filing generously, Haines v. Kerner, 404 U.S. 519, 520 (1972), Crawford's action is subject to dismissal for the reasons stated below.

IV. Plaintiff's Complaint is Subject to Dismissal

A. Failure to Exhaust Administrative Remedies

Section 1997e(a) provides that no action shall be brought with respect to "prison conditions" under §1983 by a prisoner "until such administrative remedies as available are exhausted." 42 U.S.C. §1997e(a). Prison conditions, for purposes of §1997e(a), have been broadly interpreted to include "all inmate suits about prison life." Porter v. Nussle, 534 U.S. 516, 532 (2002). Thus, plaintiff's claims about his lack of medical treatment and his claims about lack of access to administrative remedies involve "prison conditions" and are subject to the exhaustion of remedies requirement. See id.; accord Menina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 34 (1st Cir. 2002).

The Court is of course cognizant that the very crux of the Plaintiff's pleading is that he has been prevented from exhausting administrative remedies, however, he fails to give any specifics of such attempts. He fails to state the dates and times his BP9s were made, to whom they were made, whether he received any response to these and if so, by whom, and when. Although the exhaustion requirement is not jurisdictional, it is mandatory. Casanova v. Dubois, 289 F.3d 142, 147 (1st Cir. 2002) (citation omitted). As such, the lack of specific allegations regarding exhaustion attempts subjects this case to dismissal.

However, because a Court is also free to dismiss claims for failure to state a claim under §1997e(c)(2), without first requiring exhaustion of administrative remedies, the plaintiff is advised that his claims are nevertheless subject to dismissal and is directed to demonstrate good cause why they should not be dismissed based on the merits. See 42 U.S.C. §1997e(c)(2). Alternatively, as previously stated, Crawford may file an Amended Complaint within the forty-two (42) day period, setting forth in greater specificity, his specific claims and the relief sought. The clerk is directed to send

the Plaintiff a Step-By-Step guide to facilitate this process.

B. Petitioner's pleading fails to name a defendant.

Plaintiff's pleading does not name a defendant, or defendants, nor does he indicate the type of relief sought. Thus, no relief can be afforded to Plaintiff at this juncture. Plaintiff identifies his new counselor and the "administration" as the wrongdoers but does not specifically name these alleged actors. To the extent plaintiff brings this action against the Bureau of Prisons, it is well settled that a Bivens action will not lie against an agency of the federal government. See Ruiz Rivera v. Riley, 209 F.3d 24, 28 (1st Cir. 2000) (citing FDIC v. Meyer, 510 U.S. 471, 486, 114 S. Ct. 996, 127 L.Ed.2d 308 (1994). Similarly, Plaintiff has failed to specify any actual involvement by Warden Winn. *Respondeat superior* is not a viable theory of Bivens liability. Capozzi v. Department of Transp., 135 F.Supp.2d 87, 98 (D.Mass.2001) (citing Ruiz v. Riley, 209 F.3d 24 (1st Cir. 2000)). Thus, to the extent Crawford seeks to involve Warden Winn in this action based on his supervisory function, the action is subject to dismissal.

C. Lack of proper medical treatment

To the extent Crawford alleges he requested medical care, and such request was ignored, these claims are subject to dismissal, for failure to comply with Fed. R. Civ. P. 8(a).

Rule 8(a) of the Federal Rules of Civil Procedure requires a plaintiff to include in his complaint, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard sets forth a relatively low pleading threshold, and generally, a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations contained in the complaint. Swierkiewicz v. Sorema N.A., 534

U.S. 506, 514 (2002). Here, because no factual support is provided in the Crawford's pleading with respect to medical treatment, plaintiff's complaint fails to meet even this low threshold.

Similarly, to the extent plaintiff raises an Eighth Amendment claim for deliberate indifference to his medical needs, his claims are likewise subject to dismissal.

The Eighth Amendment prohibits infliction of cruel and unusual punishment. In the prison context, when an inmate alleges that prison officials violated his Eighth Amendment rights, the inmate "must prove that the defendants' actions amounted to "deliberate indifference to a serious medical need."" DesRosiers v. Moran, 949 F.2d 15, 18 (1st Cir. 1991) citing Estelle v. Gamble, 429 U.S. 97, 106 (1976); See also Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference has been defined as "conduct that offends evolving standards of decency in a civilized society." DesRosiers, 949 F.2d at 18, citing Rhodes v. Chapman, 452 U.S. 337, 347 (1981), Estelle, 429 U.S. at 102-03. In evaluating whether a deprivation constitutes "deliberate indifference," courts have looked to both objective and subjective components. See, Id. Objectively, there needs to be a "serious" deprivation. Subjectively, the deprivation must have been "brought about in wanton disregard of the inmate's rights." Id. citing Wilson v. Seiter, 501 U.S. 294 (1991). In evaluating the quality of medical care in prison, practical constraints facing prison officials must be considered. DesRosiers, 949 F.2d at 19. "...[I]nadvertent failures to provide medical care, even if negligent, do not sink to the level of deliberate indifference." Id. citing Whitley v. Albers, 475 U.S. 312, 319 (1986) (other citations omitted).

In this case, Crawford has alleged a cervical spine problem and a steroid rash, but has not sufficiently alleged a "serious medical need." A "serious" medical need is one which involves a substantial risk of serious harm if it is not adequately treated. Kosilek v. Maloney, 221 F. Supp. 2d

156, 160 (D. Mass. 2002). Typically, it is a need that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Gaudreault v. Municipality of Salem, 923 F.2d 203, 208 (1st Cir. 1990). Since Crawford provides no medical treatment or diagnostic information, he has not established "serious medical need."

Moreover, Plaintiff has failed to allege sufficient facts from which "deliberate indifference" on the part of any prison personnel can be inferred. As noted above, a showing of deliberate indifference requires more than mere inadvertent, negligent, or even grossly negligent failure to provide medical care. See Farmer v. Brennan, 511 U.S. 825 (1994). Such failures do not rise to the level of an Eighth Amendment violation. Estelle v. Gamble, 429 U.S. at 105. An inmate is not entitled to the care of his choice. Courts must defer to the decisions of prison officials concerning what form of adequate care to provide an inmate but must still determine if the care being provided is minimally adequate. See Kosilek, 221 F. Supp. 2d at 160-161.

Here, Crawford claims to have filed a request for medical attention, but, again, fails to provide any specific information as to whom the request was made, and what, if any, medical treatment he received or was denied, or what, if any, other response he received from the unknown and unnamed defendants to his requests. Thus, any Eighth Amendment claim is subject to dismissal.

## CONCLUSION

Based on the foregoing, it is hereby ORDERED:

1. Plaintiff's Motion to Proceed *in forma pauperis* is denied without prejudice;

2. This action shall be construed as a civil rights action and not as a habeas petition. The clerk

shall correct the docket accordingly;

3. Plaintiff shall file, within forty-two (42) days, a completed Application to Proceed *in forma pauperis*, accompanied by his certified prison balance statement; failure to do so shall result in dismissal of this action; alternatively, Plaintiff may file an Amended Complaint.

4. Plaintiff shall demonstrate within forty-two (42) days, good cause why this action should not be dismissed; failure to do so shall result in dismissal of this action;

5. The Clerk is directed to send a copy of this Memorandum and Order to legal counsel for FMC Devens.

6. The clerk shall send Plaintiff a copy of this Court's Step-By-Step Guide.

7. To the extent that FMC Devens requires a Court Order before they will provide the Plaintiff with a certified copy of his prison account statement, this Memorandum and Order shall constitute an Order for FMC Devens to provide such documentation to the Plaintiff.

SO ORDERED.

Dated at Boston, Massachusetts, this 5th day of February, 2005.

/s/ Richard G. Stearns
RICHARD G. STEARNS
UNITED STATES DISTRICT JUDGE